# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JULIE MARIE a/k/a JOHN OAKLEAF,

    Plaintiff,

    v.                                                  No. CIV 15-0220 RB/SMV

WARDEN FRAWNER,
MS. IBRAHIM,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss certain of Plaintiff's claims and require an amended complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally

construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants are "forcing [Plaintiff] to live as a male when I am psychology [sic] a female."  Plaintiff has been denied an evaluation, medical care, and female undergarments for this serious medical condition.  The caption of the complaint names two individual Defendants, and a third person is identified in the body of the complaint.  For relief, Plaintiff asks for affirmative equitable relief, damages, and unconditional release.

As a preliminary matter, Plaintiff may not pursue a claim for release from confinement in this civil rights action.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  [Plaintiff]'s complaint states such a claim.  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  The Court will dismiss Plaintiff's claims for release from confinement.

Plaintiff's allegations fail to state claims under 42 U.S.C. § 1983 for relief against a named Defendant.  The complaint asserts that Plaintiff has been denied medical treatment, but does not make factual allegations against either of the named Defendants.  And although Count I of the complaint alleges that a Ms Cruz said that "I would have to get a court order" before being allowed to shower separately from other inmates, Plaintiff does not appear to assert a claim against this party.  "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the

complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff will be directed to present factual allegations identifying the individual(s) who denied Plaintiff an evaluation, treatment, and female undergarments. Failure to comply with this Order may result in dismissal of Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims for release from confinement are DISMISSED without prejudice to Plaintiff's rights under the habeas corpus statutes;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff shall file an amended complaint containing adequate factual allegations against specific individuals who denied Plaintiff an evaluation, necessary medical treatment, and female undergarments; and the Clerk is directed to mail a form Civil Rights complaint to Plaintiff with a copy of this Order.

_____
UNITED STATES DISTRICT JUDGE