IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN OAKLEAF,

    Plaintiff,[1]

v.                                                                     No. 15-cv-0220 RB/SMV

**FNU FRAWNER**
**and FNU IBRAHIM,**

    Defendants.[2]

## ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT

THIS MATTER is before the Court on Plaintiff's Application for Entry of Default [Doc. 17], filed on November 4, 2015. Plaintiff argues that default is warranted because Defendants were served on August 21, 2015, but nevertheless, have failed to respond to the Complaint. [Doc. 17] at 1–2. However, the record does not indicate that Defendants have been served. On August 21, 2015, the Court directed the Clerk to mail to Defendants requests that they *waive* service. [Doc. 15]. Those requests have not been signed or returned by Defendants; they have not waived service.[3] Nor is there any other indication that they have been served. Thus, default is not appropriate. *See* Fed. R. Civ. P. 55; *see generally* 42 U.S.C. § 1997e(g) (default judgment is not available in prisoner civil rights actions).

---

[1] Plaintiff identifies as female and prefers the name Julie Marie Oakleaf. [Doc. 1]. Accordingly, the Court will refer to Plaintiff as "she" or "her."
[2] In her Amended Civil Rights Complaint, Plaintiff changes the spelling of Defendant Imbrahim, *see* [Doc. 1], to Defendant Ibrahim. [Doc. 14]. The caption is amended to reflect the amended spelling.
[3] Nearly three months have passed since the requests to waive service were sent, and Defendants have not responded. Therefore, in an order filed concurrently herewith, the Court orders the United States Marshal Service to personally serve Defendants.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Application for Entry of Default [Doc. 17] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**