IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN OAKLEAF,

    Plaintiff,[1]

v.   No. 15-cv-0220 RB/SMV

FNU FRAWNER
and FNU IBRAHIM,

    Defendants.

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte.  Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief.  [Doc. 14] at 7.  Plaintiff complains that she is "psychologically a female and [is] being forced to live as a male while incarcerated at Otero County Prison Facility[.]"  [Doc. 14] at 2.  She complains that Defendant Frawner has failed, and continues to fail, to adequately protect her from other inmates.  *Id.* at 2–3.  She states that she was sexually assaulted by another inmate on January 27, 2015.  *Id.* at 3.  Although she says that prison officials investigated the matter, she remains housed in the general population and in the same "housing unit" as the perpetrator.  *Id.*

She further alleges that Defendants have been deliberately indifferent to her serious medical needs.  *Id.* at 2–5.  Specifically, Plaintiff argues that Defendant Ibrahim should be required either to evaluate Plaintiff for gender identity disorder ("GID") or to provide Plaintiff with the results of the evaluation if it has already been performed.  *Id.* at 3.  Further, she reports

---

[1] Plaintiff identifies as female and prefers the name Julie Marie Oakleaf.  [Doc. 1].  Accordingly, the Court will refer to Plaintiff as "she" or "her."

that Defendants have denied "all treatment for GID, including the opportunity to live as female and hormone therapy." *Id.* at 4.

In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incidents underlying the suit and to submit a report of the investigation, known as a "*Martinez* report." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte. *Id.* at 1109–10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment sua sponte, as long as the opposing party was on notice that she had to come forward with all her evidence). However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue.

Specifically, Defendants must produce records relevant to Plaintiff's safety and housing including, but not limited to, any and all records related to the location of her housing assignments, the reasons for each such assignment, the alleged sexual assault of Plaintiff on or around January 27, 2015, and any and all pertinent facility policies and procedures.

Defendants must also produce all materials relevant to Plaintiff's medical treatment including, but not limited, any requests she has made for medical care and/or evaluations, any responses to such requests, records of any treatment that she has received, and any and all pertinent facility policies and procedures.

In addition, Defendants must abide by the following instructions in preparing their report:

1) The report must include a written brief that discusses Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2) The report must state whether records pertaining to the allegations exist.

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

In addition, Defendants shall provide a *Vaughn* index [2] that includes a substantial description of any documents Defendants contend should not be disclosed.  *In camera* review of those documents may be required by further Court order.

The *Martinez* report must be filed and served on Plaintiff no later than **February 16, 2016**.  Plaintiff must file his response or objections to the report no later than **March 17, 2016**.  Defendants must file their reply, if any, no later than **March 31, 2016**.

**The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte.  Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] A *Vaughn* index is a compilation prepared by the government agency . . . listing each of the withheld documents and explaining the asserted reason for its nondisclosure."  *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 940 n.3 (10th Cir. 1990) (citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973)).