IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN OAKLEAF,

    Plaintiff,[1]

v.   No. 15-cv-0220 RB/SMV

FNU FRAWNER
and FNU IBRAHIM,

    Defendants.

## ORDER REFERRING CASE TO PRO BONO PANEL

THIS MATTER is before the Court sua sponte. Considering the current posture of the case, the Court finds it warranted to revisit Plaintiff's previous request for appointment of counsel. *See* [Doc. 7]. Although the Court has no authority to appoint an attorney in this case, referral to the Court's pro bono panel is appropriate.

Plaintiff, who is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action, filed a motion for appointment of counsel on April 15, 2016. [Doc. 7]. Of course, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by

---

[1] Plaintiff identifies as female and prefers the name Julie Marie Oakleaf. [Doc. 1]. Accordingly, the Court will refer to Plaintiff as "she" or "her."

the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to [her] claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

When Plaintiff originally requested appointment of counsel, the Court was not convinced that there was sufficient merit or complexity in her claims to warrant requesting the voluntary assistance of counsel. Additionally, Plaintiff had been adequately presenting her claims. Thus, the Court denied the motion. [Doc. 8].

Now, however, I have recommended that Defendants' Motion for Summary Judgment [Doc. 32] be denied in part. I have recommended that Plaintiff's claim for deliberate indifference to a serious medical need survive. Under these circumstances, referral to the Court's pro bono panel is appropriate.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that this case is **REFERRED** to the Court's pro bono panel with a request that a panel attorney consider contacting Plaintiff for possible representation.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**